SALLIE W. RUSHING et al. v. SALLIE MABEL MASSEY et al.

Western Section. July 15, 1927.

Petition for Certiorari denied by Supreme Court, February 4, 1928.

1. **Partition. In partition equality must be observed between the parties.**
    In making partition the law requires that exact equality be observed, and there is an implied warranty between the partitioners against encumbrance and defects of title, and the remedy for loss sustained is by bill in chancery either by setting aside the partition, or by contribution.

2. **Partition. When equal shares in kind cannot be set off, commissioners may charge larger shares with sums which will equalize all shares.**
    When the commissioners cannot divide the land into equal shares they may equalize the shares by charging sums against the larger shares in favor of the smaller ones.

3. **Partition.   Drains.   Drainage tax held properly assessed against all tracts partitioned.**

Where a large tract of land was partitioned between a number of parties and two of the tracts were subject to drainage taxes held that the Chancellor properly divided the drainage taxes among all the tracts.

4. **Partition.  Action in partition held properly retained by court until all orders of the court are fully carried out.**

In an action in partition where there was a drainage tax which was to fall due in installments during several years, and where the court held that the tax should be paid proportionally by the several parties although the tax was assessed against but two tracts as divided by the commissioners, held that the court properly retained jurisdiction of the case until all of the drainage tax should be paid.

5. **Partition.  Attorneys fee.  Attorneys fee for defendant as well as plaintiff held properly divided between the parties.**

In an action of partition where the widow was represented by an attorney and the court taxed his fee against all the parties in the same manner as plaintiff's attorneys fee held that the attorney's fee for both parties was properly paid out of the common fund and taxed as costs.

Appeal from Chancery Court, of Shelby County; Hon. M. C. Ketchum, Chancellor.

Affirmed.

Edgington & Edgington, of Memphis, for appellant.

John Johnston, of Memphis, for appellee.

OWEN, J.  This is a limited appeal from a decree rendered in the chancery court of Shelby county.  The complainants and defendants partitioned 2768-4/10 acres of land lying in the northern part of Shelby county, which land was valued by the commissioners at $97,710.50.  It appears that Mrs. Sallie W. Rushing owned a life estate in the entire number of acres.  She was formerly the widow of H. B. Ramsey who had owned the 2768-4/10 acres.  By an agreement Mrs. Rushing had taken 325 acres in full satisfaction of her life estate and this number of acres was set apart by metes and bounds; then to each remaining heir (seven in number) a tract of land of the value of $10,847.43 was set apart and designated in kind, said heirs being the various complainants and defendants herein.

By direction of the court, the commissoners had cut out two other tracts designated as tracts Nos. 9 and 10, which tracts were to be sold to pay taxes, attorneys' fees and court costs.  Tract No. 9 contained 209-9/10 acres and was valued by the commissioners at $5347.50.  Tract No. 10 was valued by the commissioners at $4181, making a total of $9428.50, which was set apart and ordered sold by the Clerk and Master to pay delinquent taxes, attorneys' fees and court costs.  There was no exception to the report of the commissioners in the division of the estate.  A reference to the master to report on taxes and attorneys' fees was had.  He reported that the costs of the cause, including the fees of the surveyor, commissioners, abstract, advertisement, etc., amounted to $2131.33; that the taxes

up to and including 1925 was $3334.95; that the reasonable fees due Edgington & Edgington for complainants was $5,000, and the fee due John Johnston, Esquire, for representing defendants was $1,000, or a total of $11,466.28. He reported that Mrs. Sallie W. Rushing was the owner of all of said land as life tenant until said property was partitioned by decree entered April 24, 1925, and consequently by law was responsible for all taxes shown above; that all of the heirs, except probably two had paid their 1925 taxes. The only 1925 taxes shown to be unpaid on lot No. 1 set part to A. B. Ramsey, amount to $137.95; lot No. 4, set apart to Edward Murray, $126.-48 and lot No. 10, unsold, $46.68. He further reported that unsold portions of said lands (lots 9 and ten) should be disposed of at as early date as practicable, as it was unfair to the surveyor, commissioners and others to keep them out of their just dues for so long a time.

It further appears that during the pendency of this suit and shortly after the 325 acres had been set apart to Mrs. Sallie Rushing, she died. Mrs. Rushing made a will and made the Union & Planters Bank and Trust Company executor. The cause was properly revived. It was shown, furthermore, that $720.27 of the delinquent taxes was drainage taxes for the years 1923, 1924 and 1925, and there is yet due and to be paid fifteen yearly installments of the drainage tax; that said drainage tax is on lot 6 allotted to Brooks U. Massey, but also drains part of lot No. 7, allotted to Sallie M. Massey.

The Chancellor decreed that the Union & Planters Bank and Trust Company as executor shall pay all past due taxes on the entire estate at the time the partition decree was entered, which includes the taxes of 1925, and also includes the past due installments of the drainage tax, and that the taxes amounting to $3334.95 reported past due was declared a lien on the 325 acres allotted and decreed to Sallie W. Rushing. It was further decreed that the estate of Sallie W. Rushing, deceased, be charged with one-eighth of the cost and attorneys' fees; that the Union & Planter Bank and Trust Company, executor of Sallie W. Rushing, deceased, shall pay into court the amount adjudged against her estate, being the taxes and also one-eighth of the cost due the court and the commissioners and surveyor, and attorney's fees; and if said sum was not paid within thirty days from the entering of this decree that in default of such payment being made that the lien retained to secure said payments, and said payments, will be enforced by order of the court on motion, by sale of the said 325 acres, or so much thereof as may be necessary to pay the same. It was further decreed that all installments of the drainage tax after the installment for 1925, shall be equally apportioned among all the shares of property partitioned in this cause, including the 325 acres allotted and decreed to Sallie W. Rush-

ing; that as each installment becomes due, one-eighth thereof shall be paid by each of the partitioners, or their assigns; that one-eighth of said tax is now fixed as a lien on each share of the lands partitioned, including the 325 acres allotted and decreed to Sallie W. Rushing; and this cause is continued in court until all such installment tax is paid in order that any payment thereof may be imposed by sale of any delinquent share by order of the court on motion.

The Clerk and Master was ordered to sell tracts 9 and 10, the purchasers of said tracts assuming all taxes after the taxes for the year 1926, the proceeds of the sale of lots 9 and 10 to be applied to the payment of the balance of costs and expenses and attorneys' fees, the estate of Sallie W. Rushing paying one-eighth thereof.

Certain of the complainants excepted to this decree insofar as it provided that $1,000 shall be paid out of the estate of Sallie W. Rushing to the solicitor of defendants for his fees, and appellants except to all that portion of the decree which adjudges and decrees that all drainage taxes shall be apportioned among all the shares of property partitioned.

The parties excepting to the decree prayed and were granted an appeal to this court, excepting to so much of the decree as is embraced and pointed out by the foregoing exceptions, and have assigned three errors, as follows:

"First: He erred in charging the lands of each and all of the parties to whom lands have been partitioned with any portion of the future drainage tax which is assessed upon lots Nos. 6 and 7.

"Second: He erred in charging the several parties to whom lands have been allotted by the commissioners of partition with any part of the $1,000 fee which has been allowed Mr. Johnston for a fee for representing the two defendants.

"Third: We assign as errors the findings of Chancellor Ketchum in paragraph four of the final decree which holds that this cause shall be retained in court until all of said drainage tax is paid."

It is insisted that all of the drainage tax after the year 1925 should fall on lots 6 and 7 and that the Chancellor is in error in retaining the cause in court until all of the drainage tax is paid; and he was in error in making each one of the eight parties to whom a tract of land was assigned bear one-eighth of the drainage tax. The Chancellor decreed that this tax was an encumbrance which should be borne by each shareholder in equal porportions.

In making partition, the law requires that exact equality be observed, and there is an implied warranty between the partitioners against encumbrances and defects of titile, and the remedy for loss sustained is by bill in chancery either by setting aside the partition, or by contribution. Robertson v. Robertson, 2 Swan., 197; Shannon's Code, 5040; Notes 5 and 6; Sawyer v. Cator, 8 Humph., 275-8; Par-

due v. West, 2 Lea, 732; Scott v. Porter, 2 Lea, 225; Powell v. Riley, 15 Lea, 151, 159; Code, 5029-30.

In making the partition, the commissioners made no mention of the drainage tax, and it was not considered in estimating the value of the lands.

Section 5931 of the code does provide that, where exact partition cannot be made, the commissioners may make the partition as nearly equal as possible, and may charge the larger shares with sums necessary to equalize all shares, and report the facts.

In Hardin v. Cogswell, 5 Heisk., 549-54, and Burdett v. Norwood, 15 Lea, 491-495, both construing this statute, it was held that it is the duty of commissioners in making partition to allot to each party a share of the land in kind, of equal value, unless that cannot be done without injury, and in such case only could they equalize by charging sums against the larger shares, and that when such a case arises, the commissioners must report the facts upon which they acted, and unless such report is made, their action will be held void.

It appears that the commissioners did not take into consideration any taxes, and especially any drainage taxes, which is an encumbrance on two of these tracts of land and which will be an encumbrance for the next fourteen or fifteen years.

It appears that this lawsuit moved along smoothly, to a final decree. Two tracts of land were agreed to be sold which were valued at about $9,000, but it was found that if these two tracts brought the amount as fixed by the commissioners there would be a deficit in the payment of costs and attorneys' fees, to say nothing of drainage taxes.

We are of opinion that in all equity and good conscience this drainage tax should be equalized and adjusted and that the Chancellor adjusted it in the proper way and manner. Two of these parties should not be burdened with this drainage tax for which the entire estate was responsible. It appears that Mrs. Rushing owned a life estate, and had this cause been delayed a year or so there would have been no necessity for 325 acres being set aside to her in fee simple for her life estate. All of the devisees under the will of Mrs. Ramsey do not participate under the will of Mrs. Sallie W. Rushing. After the decree had been pronounced as to the 325 acres it belonged to Mrs. Rushing in fee simple subject to any encumbrances. The complainants who joined with Mrs. Rushing agreed with her that 325 acres of said land should be allotted to her in lieu of her life estate. The defendants did not at first agree to this, but expressed a willingness that she might take a share equal in value to her life estate, provided she would be charged up with a just proportion of the drainage tax and cost. They finally signed an agreement which was filed and made a part of the decree and set out in the record and the defendants consented that a reference should be had to as-

certain definitely what lands were subject to assessment for the drainage tax, what amounts were to be paid, and the length of time said assessments were to run, so that in the division this tax "shall be so apportioned as to make the burden equal, and that an equal portion of the costs and expenses of the proceedings shall be paid by Mrs. Rushing." Said agreement further provided that if title to any portion of the land should fail, she should be bound to contribute an equal share of her land to make up the deficit. The drainage tax at the time of the partition had been assessed and fixed as a permanent burden for years to come, and we are of opinion that it was such an encumbrance that all of these parties should bear an equal proportion, which is one-eighth of the drainage tax remaining unpaid. It is insisted by learned counsel for appellant that because the drainage canal does not drain any of the tracts except tracts 6 and 7, and only runs through tract No. 6, that therefore these appellants whose lands set apart to them now in kind should not be made liable for the drainage tax; that the judgment and decree of the court is beyond the pleadings in this case; that the defendants would have had to raise this by cross-bill and that the defendants permitted the decree of partition to be confirmed without exception, or any exceptions thereto.

We do not understand how a cross-bill could have been filed because the defendants did not know that they were going to be assigned tracts 6 and 7. We presume that the commissioners could have assigned said tracts to some of the complainants. The commissioners undertook to give, not the same number of acres each to complainants and defendants, but an equal amount, fixing each share regardless of the number of acres, at $10,847.43, or a total of $73,932 for the seven heirs (complainants and defendants) exclusive of Mrs. Sallie W. Rushing, whose 325 acres was valued at $21,778.50.

This cause was retained in court. While the commissioners report had been confirmed as to the partition the court had not adjudicated the question of taxes, costs and attorneys' fees, and we are of opinion that the court acted properly in making the adjudication that he did in regard to the drainage taxes; that the decree is equitable and just, and the first and third assignments of error are overruled.

On the question of attorneys' fees, the fee of attorneys for the complainants, Edgington & Edgington, and the fee of the attorney for the defendant, John Johnston, Esquire, were ordered paid, one-eighth by each party. Mrs. Rushing, of course, was allotted more than one-eighth of the entire estate and the other seven were allotted one-seventh of the remainder after allotting 325 acres to Mrs. Rushing, which is valued at more than one-eighth of the entire estate.

Section 5035 of Shannon's Code provides that in partition cases the court may, in its discretion, order the fees of the attorneys for both parties to be paid out of the common fund, where the property is sold for partition, and to be taxed as costs where the property is partitioned in kind.

In Scott v. Marley, 124 Tenn., page 388, in construing said statutes, which is chap. 183 of the Acts of 1887, as constitutional—that it was not unconstitutional or class legislation because the classification is reasonable and natural and not arbitrary or capricious, for partition suits naturally and reasonably belong in a class by themselves. The court further said: "The said statute providing that in all partition cases the court may, in its discretion order the fees of the attorneys of both parties to be paid out of the common fund, is especially applicable where the tenants in common are numerous, and many of them own small interests, and the allowance, amount and apportionment of the fees of the attorneys in such case is largely in the sound legal discretion of the court in which the partition suit is conducted subject to review for abuse. No general rule should be laid down by the Supreme Court as to the application of this statute, but the fees of the attorneys of both parties may be allowed out of the common fund."

There is no objection as to the amount of fee allowed solicitors for the complainants or the solicitor for the defendants. The sole attack is made upon the solicitor for the defendant being allowed part of his fee to be paid by the complainants.

We are of opinion that under the rules of our Supreme Court the solicitor for the defendant has as much right to part of his fee out of the funds of the complainants as the complainants have to charge the defendants with a portion of their fee. The fees of both, attorneys for complainants and defendants, are to be charged up against the entire estate. The Chancellor so held and we think that he was correct.

It results that the assignments of error are overruled and disallowed and the judgment of the lower court is affirmed.

The appellants and surety on appeal bond will pay the costs of the appeal for which execution will issue. The cause will be remanded to the chancery court of Shelby county for further proceedings in accordance with the decree rendered there.

Heiskell and Senter, JJ., concur.